**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LUMINANCE RECOVERY CENTER, LLC,<br><br>Debtor. | Case No. 8:21-cv-00296-MCS<br><br>Bankruptcy Case No. 8:18-bk-10969-SC (Jointly administered with Bankruptcy Case No. 8:18-bk-10972-SC) |
| RICHARD A. MARSHACK,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL EDWARD CASTANON et al.,<br><br>Defendants. | Adversary Case No. 8:18-ap-01064-TA<br><br>**ORDER DENYING MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING** |

Defendants BeachPointe Investments, Inc., George Bawuah, Jerry Bolnick, Joseph Bolnick, Jonathan Blau, Kenneth Miller, Peter Van Petten, Raymond Midley, and Veronica Marfori (together, "Moving Defendants") move to withdraw the reference to the Bankruptcy Court of the adversary proceeding *Marshack v. Castanon*, No. 8:18-ap-01064-TA ("Adversary Proceeding"). (Mot., ECF No. 1.) Plaintiff Richard A. Marshack, as Chapter 7 Trustee for the jointly administered bankruptcy estates of Debtors Luminance Recovery Center, LLC, and Luminance Health Group, Inc.,

opposes. (Opp'n, ECF No. 10.) In the interests of justice and judicial economy, the Court has considered Moving Defendants' overlong Reply (ECF No. 13). (*See* Initial Standing Order § 9(d), ECF No. 4 (setting 10-page limit for reply briefs).) The Court heard oral argument on March 22, 2021.

## I. BACKGROUND

On March 21, 2018, Debtors filed separate petitions for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Central District of California. The Bankruptcy Court granted Debtors' motion for approval of joint administration of the bankruptcy cases. On April 5, 2018, the Bankruptcy Court converted the cases to chapter 7 proceedings and appointed Plaintiff as Chapter 7 Trustee. (Borges Decl. ¶¶ 2–4, ECF No. 1.)

Plaintiff served Moving Defendants with the First Amended Complaint. (*Id.* ¶ 5.) On April 15, 2019, Moving Defendants filed an Answer to the First Amended Complaint, in which Moving Defendants "assert[ed] their right to a jury trial" in the body of the document. (*Id.* Ex. 3 ¶ 3, ECF No. 1-3.) In response to the Second Amended Complaint, Moving Defendants filed an Answer that reasserted a right to jury trial and appended a jury demand. (*Id.* Ex. 5 ¶ 3, Demand for Jury Trial, ECF No. 1-5.) Neither document indicated whether Moving Defendants consented to a jury trial in the Bankruptcy Court.

The motion cutoff has passed in the Adversary Proceeding, which is set for a pretrial conference in the Bankruptcy Court on April 1, 2021. (*Id.* ¶¶ 10–11.)

## II. LEGAL STANDARD

District courts have authority to withdraw a reference to the bankruptcy court. 28 U.S.C. § 157(d). The statute provides for both mandatory and permissive withdrawal. The district court "*shall . . . withdraw*" the reference if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* (emphasis added). "The district court *may withdraw . . .* on its own motion or on timely motion of any party, for

2

cause shown." *Id.* (emphasis added). The party seeking withdrawal bears the burden of persuasion. *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 214 (C.D. Cal. 2014).

Where, as here, a party seeks permissive withdrawal, courts "first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Temecula Valley*, 523 B.R. at 214 (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). To determine whether cause exists, courts "should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). The district court has discretion to grant or deny permissive withdrawal. *See id.* at 1009.

## III. DISCUSSION

Moving Defendants do not present cause for withdrawal. Moving Defendants rest their argument on their assertion of a right to jury trial in this Court. (Mot. 7–8.) A party that preserves its right to a jury trial and does not consent to a jury trial in the bankruptcy court shows cause for permissive withdrawal. *Rund v. Kirkland (In re EPD Inv. Co., LLC)*, 594 B.R. 423, 425–26 (C.D. Cal. 2018).

Here, however, the parties dispute whether Moving Defendants preserved their right to a jury trial. (Opp'n 9–14.) Plaintiff argues Moving Defendants waived the right by failing to comply with Local Bankruptcy Rule 9015-2(b)(2), which requires a party's jury demand to "include a statement that the party does or does not consent to a jury trial conducted by the bankruptcy court." Failure to file a demand compliant with the local rule "constitutes a waiver of trial by jury." Bankr. C.D. Cal. R. 9015-2(d)(1).

Moving Defendants' purported jury demands do not contain a statement of consent complying with the rule. (*See* Borges Decl. Ex. 3 ¶ 3; *id.* Ex. 5 ¶ 3, Demand for Jury Trial.) Although Moving Defendants highlight their withholding of "consent to entry of final judgment in this matter," (Mot. 6–7 (citing Borges Decl. Ex. 3 ¶ 3, and *id.* Ex. 5 ¶ 3)), this statement has no bearing on their jury demand. Instead, Moving

3

Defendants' language mirrors Federal Rule of Bankruptcy Procedure 7012, which requires responsive pleadings to "include a statement that the party does or does not consent to entry of final orders of judgment by the bankruptcy court." *See Seror v. Robert B. Daley, CPA Inc. (In re Daley)*, 584 B.R. 911, 915 (C.D. Cal. 2018) ("[T]he allegation refers only to consent to the entry of a final order or judgment by the [Bankruptcy] Court. Although related in some respects, this is a separate issue from the issue of consent for the [Bankruptcy] Court to conduct a jury trial.").

Given the strict waiver language in Local Bankruptcy Rule 9015-2(d)(1), the Court could determine that Moving Defendants' failure to provide a statement of consent constitutes waiver of their right to a jury trial. On the other hand, if Moving Defendants' error was inadvertent (as counsel represented at the hearing it was), such a determination would produce a severe result the federal rules and the Ninth Circuit disfavor. *See* Fed. R. Civ. P. 83(a)(2) ("A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."); Fed. R. Civ. P. 83(a)(2) advisory committee's note to 1995 amendment (observing that a party should not be deprived of its right to a jury trial because its attorney was oblivious to a local rule governing form of jury demands); Fed. R. Bankr. P. 9029(a)(2) ("A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement."); *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981) ("Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, courts should indulge every reasonable presumption against waiver.").

The Court need not—and does not—resolve the issue on this motion. Given this dispute over the efficacy of the jury demand, Moving Defendants do not carry their burden to show they preserved their right to a jury trial. *See Sweet v. Brailsford*, No. CV-19-05831-PHX-MTL, 2020 U.S. Dist. LEXIS 55959, at *12–13 (D. Ariz. Mar. 30, 2020) (denying motion to withdraw reference in part because movants did not "establish[] that a jury trial is required in the Adversary Proceeding" (internal quotation

marks omitted)).

The question of whether Moving Defendants waived their right to a jury trial should be decided in the first instance by the Bankruptcy Court, which is an "appropriate tribunal for determining whether there is a right to a trial by jury of issues for which a jury trial is demanded." *Am. Universal Ins. Co. v. Pugh*, 821 F.2d 1352, 1355 (9th Cir. 1987); *see also Catholic Bishop of Spokane v. Paine Hamblen, LLP*, No. 2:14-CV-0159-TOR, 2014 U.S. Dist. LEXIS 74962, at *5 n.3 (E.D. Wash. June 2, 2014) ("The threshold question of whether Defendants have a Seventh Amendment right to a jury trial . . . should be decided by the Bankruptcy Court."); *GTS 900 F, LLC v. Corus Constr. Venture, LLC (In re GTS 900 F, LLC)*, 2010 U.S. Dist. LEXIS 129112, at *20 (C.D. Cal. Nov. 23, 2010) (deferring ruling on plaintiff's request for jury trial presented in motion to withdraw reference "so that the Bankruptcy Court can decide . . . that issue"). The Bankruptcy Court is better equipped to interpret the Local Bankruptcy Rules and determine whether and to what extent a jury trial in the district court is warranted. Further, assuming Plaintiff's argument has merit, the Bankruptcy Court is in a better position to grant Moving Defendants relief from a defective jury demand. *See In re Daley*, 584 B.R. at 916 (declining to deem jury demand inoperative for failure to provide statement of consent); *see also* Bankr. C.D. Cal. R. 1001-1(d) (permitting Bankruptcy Court to waive application of Local Bankruptcy Rules).[1]

Moreover, Moving Defendants' papers do not provide any information probative of the factors this Court considers when deciding whether to grant or deny withdrawal. (*See generally* Mot.) Moving Defendants do not respond to Plaintiff's arguments that withdrawal would strain judicial resources, delay litigation, and undermine the uniformity of bankruptcy administration. They do not even contest that the instant motion is a product of forum shopping. (Opp'n 15–21; *see generally* Reply.) The Court

---

[1] The parties' dispute over which components of the case may be tried by jury also should be submitted to the Bankruptcy Court. (*See* Opp'n 17–19 (arguing certain components of the action are not subject to jury trial).)

deems these factors conceded. *See, e.g.*, *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003) ("[T]he implication of this lack of response is that any opposition to this argument is waived."). Even accepting Plaintiff's admission that certain claims are non-core, (Opp'n 16 n.7), the factors on balance weigh against permissive withdrawal. *See, e.g.*, *One Longhorn Land I, L.P. v. Presley*, 529 B.R. 755, 764 (C.D. Cal. 2015) ("The determination of whether claims are core or non-core is not dispositive of a motion to withdraw a reference." (internal quotation marks omitted)); *In re Solid Landings Behavioral Health, Inc.*, No. SACV 20-1167 JGB, 2020 U.S. Dist. LEXIS 188482, at *6–10 (C.D. Cal. July 28, 2020) (denying motion to withdraw reference, despite existence of non-core claims, because movant failed "to establish that the balance of the relevant factors weighs in favor of withdrawal").

## IV. CONCLUSION

The motion is denied. The Court declines to exercise its discretion to withdraw the reference to the Bankruptcy Court at this time. This decision is made without prejudice to a renewed motion upon a decision by the Bankruptcy Court that any part of this action is triable by jury in this Court. The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**

Dated: March 23, 2021

*[signature]*

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

cc: Bankruptcy Court